FISHER, Circuit Judge,
concurring:
Metropolitan Life Insurance Company (MetLife) has not persuasively shown that the insurance agreements at issue were for mortgage protection, rather than standard life insurance policies. ' The only indication that they were of the former type is a handwritten statement by the sales' agent in the application’s Additional Information section, explaining that the purpose of the insurance was to pay off outstanding mortgage balances on unidentified properties currently owned by the insured and to be inherited by the beneficiaries of the poli-, cies. Notably, the benefits to be paid upon the death of the insured are not actually linked to outstanding mortgage balances, so it is unclear why the beneficiaries’ intentions for the funds mattered from the insurer’s point of view. Although MetLife now says that it would not have issued the policies if not for Sewak’s misrepresentations Of her property ownership and outstanding mortgage balances, it did not actually request any of that information in the application itself. The information came in only indirectly (and incompletely) through the agent’s handwritten state-' ments and the questions regarding the applicant’s income and net worth.
Given my uncertainty about the true nature of the policies, I am skeptical that MetLife’s decision to insure actually depended on this financial information, as opposed to the extensive details about Se-wak’s health and other risk indicators specifically sought in the application. Nor did the post-hoc rationale by MetLife’s underwriter clarify how the incorrect information affected MetLife’s decision. Her declaration provided only a conclusory assessment, without attempting to substantiate it by reference to MetLife’s general practices with respect to mortgage protection policies. Under California law, a court may “inquire into the nature of the information withheld, and the likely practice of the insurance company had the concealed facts been truthfully disclosed.” Old Line Life Ins. Co. v. Superior Court, 229 Cal.App.3d 1600, 1604, 281 Cal.Rptr. 15 (1991). MetLife’s failure to provide evidence explaining — rather than merely asserting — its “likely practice” makes this a close case.
Ultimately, I concur in the decision to affirm because plaintiffs have failed to create a triable issue on materiality. Their briefs on appeal do not clearly contest this issue, and they presented no evidence to the district court to contradict- the MetLife underwriter’s conclusions. Thus, despite my skepticism, I agree with the majority •that summary judgment was proper on this record.